I. A. JARRATT, Adm'r of ISAAC JARRATT, v. JOHN C. LYNCH, Adm'r of ELIZABETH LYNCH.

*Administrator de bonis non—Settlement of Estate—Collateral Attack on Judgment—Evidence.*

1. It is the duty of an administrator *d. b. n.* to complete the settlement of his intestate's estate, and the distributees must look to him for settlement.

2. Where an administrator *d. b. n.* brought suit against the administrator of the former administrator for a settlement of the estate, which suit was settled by a compromise judgment and the amount recovered duly distributed: *Held*, in an action by the administrator of the former administrator upon a bond given to him by one of the distributees for certain personal property purchased at his administrator's sale, and with which his estate had been charged in the settlement with the administrator *d. b. n.*, that the judgment in said suit could not be attacked in this action; that, upon the testimony, there was no evidence of fraud to go to the jury, and that the plaintiff was entitled to recover.

3. The admission of the contents of a letter written by an attorney is no ground for a new trial, when there is afterwards evidence as to the same fact, substantially, as that contained in the letter, especially when it does not appear that the defendant was prejudiced.

This was a CIVIL ACTION, tried before *Connor, J.*, at Fall Term, 1888, of YADKIN Superior Court.

W. W. Long and Isaac Jarratt were administrators on the estate of L. Lynch, and Isaac Jarratt, as surviving administrator, took from Elizabeth Lynch, for personal property purchased at the sale of the said L. Lynch, the bond of $448.25 declared on, and was charged with the amount of the sale of said personal property, including that for which said bond was given, in the account and settlement in the suit brought by P. A. Wilson, administrator *de bonis non* of L. Lynch, against I. A. Jarratt, administrator of Isaac Jarratt, former administrator of L. Lynch, referred to below.

Elizabeth Lynch was the widow and one of the distributees of the said Lynch, and died, in 1877, without paying said bond, and defendant was appointed her administrator.

Isaac Jarratt died in 1880, not having closed up the administration of the estate of L. Lynch, and the plaintiff qualified as his administrator.

P. A. Wilson was appointed and qualified as administrator *de bonis non* of L. Lynch, and brought suit against the said I. A. Jarratt, administrator of Isaac Jarratt, for an account and settlement of the estate of L. Lynch, in the hands of the former administrators, W. W. Long and Isaac Jarratt, and Isaac Jarratt, surviving administrator, and the cause was referred to I. N. Vestal, as referee, to take and state an account, and the records in the case show an account to have been taken and stated, and report made in favor of P. A. Wilson, administrator *de bonis non* of L. Lynch, for $2,500, and at Spring Term, 1884, of Yadkin Superior Court, the following judgment was signed by *Gilmer, J.:*

"This cause coming on to be heard before his Honor John A. Gilmer, Judge presiding at Spring Term, 1884, of the Superior Court of Yadkin County, upon the report of I. N. Vestal, referee, and it appearing to the Court that no exceptions have been filed to the report—

"It is, therefore, on motion of counsel for the plaintiff, ordered and adjudged that the said report be in all things confirmed, and that the plaintiff recover of the defendant, I. A. Jarratt, administrator of Isaac Jarratt, deceased, the sum of $2,500 and the cost of this action, to be taxed by the Clerk of this Court, including the sum of $25, as an allowance to I. N. Vestal, referee, for taking and stating this said account."

The plaintiff introduced the following evidence, viz.:

1. The notes described in the complaint. The execution of the notes sued on was admitted by the defendant on the trial.

2. The judgment docket, page 141, showing judgment copied above, and also the judgment roll containing record of the above action, entitled "P. A. Wilson, administrator *de bonis non* of Larkin Lynch, *v.* I. A. Jarratt, administrator of Isaac Jarratt, deceased, and others," and showing that the referee charged the defendant with the sales of the personal property of Larkin Lynch.

3. Cyrus B. Watson, witness for plaintiff, testified : " I was attorney for P. A. Wilson, administrator *de bonis non* of Larkin Lynch, *v.* I. A. Jarratt, administrator of Isaac Jarratt, former administrator of Larkin Lynch. W. B. Glenn and A. E. Holton, Esqs., were also counsel for Wilson with me. Defendant J. C. Lynch was one of the distributees of Larkin Lynch, and he and the other distributees of Larkin Lynch agreed to assist the administrator *de bonis non* in getting up evidence and otherwise, and Wilson, administrator *de bonis non* of Larkin Lynch, was to bring suit and pay them a certain part of the recovery. Wilson and Gray and others held large judgments against Larkin Lynch's estate— more than were ever satisfied. This suit was brought by P. A. Wilson, administrator *de bonis non* of Larkin Lynch, *v.* I. A. Jarratt, administrator of Isaac Jarratt, former administrator of Larkin Lynch; and the parties met two or three times to hear evidence, but, on account of the long lapse of time since Larkin Lynch's death, the death of W. W. Long and Isaac Jarratt, both the former administrators of Larkin Lynch, and the death of many witnesses, great difficulty was experienced in taking the account on both sides, and the suit was compromised and settled, pending the taking the account, by I. A. Jarratt, administrator, paying to the plaintiff $2,500, in full settlement of all claims against Isaac

Jarratt, former administrator of Larkin Lynch. Wilson, administrator *de bonis non*, was to have a judgment for $1,400 against one William A. Joyce, in name of Jarratt, administrator of Lynch."

This judgment was afterwards collected by Wilson, administrator.

The receipt for the $2,500, dated June 4th, 1884, was shown to and read by Mr. Watson to the jury. The $2,500 thus collected by Wilson, administrator, was paid out by him ; the part due defendant J. C. Lynch and the other distributees was paid to them, and their receipts taken for the same. The settlement was fair and honest, and witness considered it a good compromise for Wilson, administrator, and the Lynch distributees. Defendant J. C. Lynch and some of the others were present when the settlement was agreed upon, and all have since approved and ratified it and received some of the money.

Mr. Watson was shown and allowed, after objection by defendant, to read a letter written by him to J. C. Lynch, dated September 12th, 1884. Exception by defendant.

Defendant then introduced the following evidence:

P. A. Wilson, witness for defendant, testified : " I knew nothing of the notes in suit. Mr. J. C Lynch told me of them, either before or after the compromise. I was the administrator *de bonis non* of Larkin Lynch. ˙I had great difficulty in getting evidence. The suit by me against I. A. Jarratt, administrator of Isaac Jarratt, former administrator of L. Lynch, was compromised, by which I got $2,500 and the Joyce judgment. I paid out the money. Paid defendant and the other distributees of Larkin Lynch their part, and took receipts from all of them. I make no claim on these notes.

" Messrs. Watson & Glenn and Mr. Holton were my counsel. The compromise was fair and honest, and I thought was an advantageous one for me."

The defendant and some of the other Lynch heirs were present and agreed to the compromise, and all of them have received and receipted for their part of the money. By which compromise, settlement, judgment and payments, plaintiff alleges he became the owner of the $448.25, as the administrator of the said Isaac Jarratt. And there was no dispute at the trial as to the ownership of the other note, it being made payable to the said Isaac Jarratt individually.

His Honor intimated that he would instruct the jury that there was no evidence of fraud; that it was the duty of the administrator *de bonis non* to complete the settlement of Lynch's estate, and his distributees must look to Wilson, administrator *de bonis non*, for settlement, and defendant could not attack the judgment in this action; whereupon, in deference to his Honor's opinion, defendant's counsel declined to introduce any other testimony, and the Court instructed the jury to answer the issue in the affirmative.

There was a verdict and judgment for the plaintiff, from which the defendant appealed.

*Messrs. E. L. Gaither* and *D. M. Furches*, for the plaintiff. No counsel *contra.*

SHEPHERD, J.: We were not favored with an argument by the appellant, but we have carefully perused the record and are unable to find any error.

His Honor was clearly right in intimating that he would instruct the jury that there was no evidence of fraud; that it was the duty of the administrator *de bonis non* to complete the settlement of Lynch's estate; that his distributees must look to Wilson, administrator *de bonis non*, for settlement, and that defendant could not attack the judgment in this action.

The exception to the witness Watson being permitted to testify to the contents of the letter written by him as the

attorney of Wilson, to J. C. Lynch, is no ground for a new trial; as Wilson was afterwards placed upon the stand by the defendant, and testified substantially to the same fact, to-wit, that he made no claim upon the notes.

Granting that the ruling was erroneous, we cannot see how the defendant was, or might have been prejudiced thereby, and this must appear in order to justify the intervention of this Court.

No error.